UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7385

CHRISTIAN PEARSON,

Plaintiff - Appellant,

v.

ELIZABETH PANAGUITON; WILLIAM GOODE; JANICE JEON; DIANASSOCIATES; MS. KELLY LUCAS; HIPOLITO D. MATOS; DONNA SMITH; BART MASTERS; EDDIE ANDERSON; REBECCA GROVE; MR. M. WEAVER, sued in their individual capacities,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:15-cv-07411)

Submitted: August 31, 2017                    Decided: October 18, 2017

Before TRAXLER, AGEE, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Christian Pearson, Appellant Pro Se. Lara Dee Pyne Crane, BUREAU OF PRISONS, Beaver, West Virginia; Stephen Michael Horn, Assistant United States Attorney, Charleston, West Virginia; William Paul Blackford, BLACKFORD & FLOHR, LLC, Severna Park, Maryland; Dorwin J. Wolfe, Elkins, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Pearson, a federal inmate, appeals the magistrate judge's order denying his motion for appointment of counsel and the district court's order accepting the recommendation of the magistrate judge and denying relief on his complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346 (2012). Pearson also appeals the district court's order denying his motion to appoint counsel. We affirm in part, vacate as to the district court's dismissal of Pearson's FTCA claim, and remand for further proceedings.

"The FTCA waives the federal Government's sovereign immunity in tort actions, making the United States liable in the same manner and to the same extent as a private individual under like circumstances." *Cibula v. United States*, 664 F.3d 428, 429 (4th Cir. 2012) (internal quotation marks omitted). When determining liability pursuant to the FTCA, courts apply "the law of the place where the negligent act or omission occurred." *Id.* at 430. (brackets and internal quotation marks omitted). Here, the district court appropriately applied West Virginia law.

The Medical Professional Liability Act (MPLA), W. Va. Code § 55-7B-6 (2016), governs medical malpractice claims in West Virginia. *Banfi v. Am. Hosp. for Rehab.*, 529 S.E.2d 600, 605 (W. Va. 2000). Generally, "in medical malpractice cases[,] negligence or want of professional skill can be proved only by expert witnesses." *Id.* (internal quotation marks omitted). However, expert testimony is not necessary when "lack of care or want

3

of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience." *Id.* at 605-06 (internal quotation marks omitted). Whether an expert is required is within the discretion of the court, and the court's decision on the matter is therefore reviewed for abuse of discretion. *Id.* at 605.

In this case, the magistrate judge found that expert testimony was required in Pearson's case and that Pearson's failure to obtain a certificate of merit under the MPLA was fatal to his claim. Pearson objected, noting that he was not given an opportunity to address the deficiency, and pointing out the difficulty involved in requiring an indigent inmate to obtain certification from a medical expert.[*] The district court did not address Pearson's objection to this finding. The record, therefore, does not allow us to engage in meaningful appellate review. Accordingly, we vacate the portion of the district court's order dismissing Pearson's FTCA claim against the government and remand so that the district court may consider Pearson's objections in this regard.

We have reviewed the record with respect to Pearson's remaining claims and find no reversible error. Accordingly, we affirm the denial of relief on Pearson's other claims for reasons stated by the magistrate judge and the district court. *Pearson v. Panaguiton*, 1:15-cv-07411 (S.D.W. Va. Sept. 27, 2016). We deny Pearson's motion for injunctive

---

[*] A certificate of merit is not required if expert testimony would not be necessary to prove liability, but a claimant proceeding under this theory must file a statement in accordance with W. Va. Code § 55-7B-6(c) (2016).

4

relief pending appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*